IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND,<br><br>TRUSTEES OF THE NATIONAL ROOFING INDUSTRY PENSION PLAN,<br><br>and<br><br>TRUSTEES OF THE ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND,<br><br>    Plaintiffs,<br><br>-vs-<br><br>MCDOWELL ROOFING, L.L.C.,<br><br>    Defendant. | CASE NO. 4:20-cv-15 |

## COMPLAINT

1.      Plaintiffs are trustees of various multiemployer benefit funds (collectively, the "Funds"). Defendant is an employer that is obligated to make contributions to the Funds based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for

failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because one or more of the funds of which Plaintiffs are trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

3.      Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund ("Health Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Health Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Health Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

4.      Plaintiffs, the Trustees of National Roofing Industry Pension Plan ("NRIPP"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The NRIPP is a multiemployer pension plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The NRIPP is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the NRIPP's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

5.      Plaintiffs, the Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund ("Education Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Education Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Education Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Education Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

6.      Defendant McDowell Roofing, L.L.C. is a Nebraska limited liability company with its principal place of business located at 3018 South 87th Street, Omaha, NE 68124. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

3.      At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more Collective Bargaining Agreement(s) ("CBA"). The terms of the CBA require Defendant to make contributions to the Funds of which Plaintiffs are Trustees, along with contributions to other employee benefit funds, based upon the number of hours worked and/or paid by Defendant's employees.

4.      In addition to requiring contributions to the Funds, the CBAs also incorporate by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies.

5.      Pursuant to the terms of the CBA, Trust Agreements, and collection policies, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the due date specified in the collection policies and/or CBA. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month or 12% per year until paid in full. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

6.      Pursuant to the terms of the CBAs, Trust Agreements, and/or collection policies, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

### COUNT I
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

7.      Plaintiffs reallege each averment set forth above as if fully rewritten herein.

8.      Defendant has failed to pay the required contributions for the month of July 2019 and all subsequent months.

9.      Upon information and belief, Defendant has failed to pay the required contributions for various other months, from January 1, 2018, to the present.

10.      Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

11.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

12.     Defendant has failed to pay the required contributions for the month of July 2019 and all subsequent months.

13.     Upon information and belief, Defendant has failed to pay the required contributions for various other months, from January 1, 2018, to the present.

14.     Defendant's actions are in violation of the CBA, Trust Agreement, and collection policies, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)

15.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16.     Defendant has failed to timely pay contributions for the work months of July 2019 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

17.     Upon information and belief, Defendant has failed to timely pay contributions for the various other months, from January 1, 2018 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

18.     Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

### COUNT IV
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Liquidated Damages)

19.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20.     Defendant has failed to timely pay contributions for the work months of July 2019 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

21.     Upon information and belief, Defendant has failed to timely pay contributions for the various other months, from January 1, 2018 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

22.     Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT V
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit**

23.     Plaintiffs reallege each averment set forth as if fully rewritten herein.

24.     Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, unless Defendant submits to an audit, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

25.     Under the terms of the CBA, Trust Agreement, and Collection Policy, Defendants must submit to a payroll audit at the request of Plaintiffs.

26.     As a result, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A.      An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

B.      Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2018 to the present, in an amount to be determined;

C.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period January 2018 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D.      Judgment on behalf of Plaintiffs and against Defendant for the costs of any and all payroll audits needed to determine the amounts owed by Defendant;

E.      Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

F.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

G.      An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, collection policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).


Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*