UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, *et al.*<br>Plaintiff,<br><br>v.<br><br>MCDOWELL ROOFING, L.L.C.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 4:20-CV-15-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [DE 25], filed by Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund ("Health Fund"), Trustees of National Roofing Industry Pension Plan ("NRIPP"), Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund ("Education Fund"), Trustees of the Roofers Local No. 20 Pension Fund ("Local Pension Fund"), Trustees of the Roofers Local No. 20 Apprenticeship Fund ("Apprenticeship Fund"), and the Roofers Union Local No. 20 ("Union") (collectively "Funds") on July 16, 2021.

**I.    Procedural Background**

On March 10, 2020, Plaintiffs filed a Complaint alleging that Defendant was liable for its failure to make certain required employer contributions to the Funds pursuant to various Collective Bargaining Agreements to which Defendant was a party, amended on June 8, 2020, following a payroll audit, to set forth the specific amounts alleged to be due from Defendant for the period from July, 2019 to April 2020. In its Answers, Defendant admitted that it failed to make its required contributions for the months of July, 2019 and thereafter, but denied it had failed to make contributions for "various other months, from January 1 2018, to the present."

On July 16, 2021, Plaintiffs filed the instant Motion for Summary Judgment. On August 25, 2021, Defendant filed a notice indicating that it did not intend to file a response opposing the motion.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III. Material Facts

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file a "'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Plaintiff included a Statement of Material Facts within its Memorandum in Support

of Motion for Summary Judgment, along with appropriate citations to supporting evidence. However, Defendant has not submitted a response brief; therefore, the facts referred to below, as asserted by Plaintiff, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Defendant McDowell Roofing, L.L.C., a roofing contracting business, entered into one or more Collective Bargaining Agreements (the "CBA"). The terms of the CBA include an obligation for Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based on the number of hours worked by and/or paid to Defendant's employees. The CBA also requires Defendant to withhold from its employees' wages (with the authorization of the employee) dues for the Union, and to remit those dues to the Union on a monthly basis. The CBA also incorporated by reference, and bound Defendant to, the terms of the various Funds' Trust Agreements. The Funds' Trust Agreements gave the Plaintiffs the authority to collect employer contributions and to formulate and enforce written collection policies.

Defendant is required to make monthly contributions to the Funds for each of its employees in accordance with the provisions of the CBA, the Funds' Trust Agreements, and the Funds' written collection policies. Sums not remitted by the due date are considered delinquent and subject to liquidated damages and interests. Defendant is also required to pay attorneys' fees and costs incurred in connection with the collection of delinquent contributions, dues, and other amounts owed to Plaintiffs.

The CBA, Funds' Trust Agreements, and Funds' written collection policies also provide that Defendant is subject to having payroll audits conducted as Plaintiffs deem appropriate. Defendant is to provide all payroll records in order to assist in conducting the payroll audits. If the payroll audit shows that Defendant has not paid contributions or dues, Defendant is liable for the costs of the audit as well as attorneys' fees and costs incurred in connection with the amounts owed.

Defendant submitted to a payroll audit in the course of this matter for the time period November 1, 2017, through May 31, 2020. The payroll audit reports show that Defendant owes the following for the period of November 1, 2017 through May 30, 2020 (with accrued interest being calculated through July 31, 2021):

    a. To the Health Funds:

        i. $237,779.96 in delinquent contributions,

        ii. $23,778.00 in liquidated damages, and

        iii. $44,917.23 in accrued interest;

    b. To the NRIPP and Education Fund:

        i. $91,451.76 in delinquent contributions,

        ii. $9,145.19 in liquidated damages, and

        iii. $23,119.45 in accrued interest;

    c. To the Local Pension:

        i. $6,253.80 in delinquent contributions,

        ii. $1,231.55 in liquidated damages, and

        iii. $1,420.84 in accrued interest;

    d. To the Apprenticeship Fund:

        i. $12,235.22 in delinquent contributions,

        ii. $2,409.46 in liquidated damages, and

        iii. $2,779.81 in accrued interest;

    e. To Roofers Union Local No. 20:

        i. $42,735.57 in unpaid dues,

        ii. $8,547.11 in liquidated damages, and

        iii. $8,961.68 in accrued interest.

Defendant paid $3,971.25 for costs of the payroll audit.

## IV. Analysis

The Local Rules provide that responses to motions for summary judgement must be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own

pleading." Fed. R. Civ. P. 56(e)(2). The Rule further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *See id*. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

In the instant Motion, Plaintiffs argues that Defendant has failed to raise a genuine issue of material fact as to Plaintiffs' claims for unpaid fund contributions, liquidated damages, and accrued interest and summary judgment must be granted in their favor. Plaintiffs have provided affidavits along with supporting documentation of the amounts they are owed by Defendant.

Pursuant to the Employment Retirement Income Security Act, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans." *Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996). In a successful action to enforce Section 1145,

> the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Transp., Inc.*, 183 F.3d 623, 629 (7th Cir. 1999) ("[U]nder the statute [29 U.S.C. § 1132(g)(2)], the appropriate remedy is the delinquent contributions, interest, attorneys fees, and amount equal to the greater of interest (again) or liquidated damages.").

In this case, Defendant was bound to the CBA, and thereby to the Funds' Trust Agreements and written collection policies. In its Answer, Defendant does not dispute that it was obligated to make contributions to the funds; in fact, it admits liability for most of the months, and sums, at issue. In particular, in its Answer, Defendant admitted that it owed unpaid contributions for the work months of July 2019 through April 2020:

a. $221,196 to the Health Fund;
b. $82,046.41 to the NRIPP and Education Fund;
c. $5,860.48 to the Local Pension; and
d. $11,466.14 to the Apprenticeship Fund.

Defendant further admitted, in its Answer to the Amended Complaint, it owed the following liquidated damages and accrued interest owed on the unpaid contributions for the work months of July 2019 through April 2020, as of May 20, 2020:

a. $22,119.64 in liquidated damages and $10,108.87 in accrued interest to the Health Fund;
b. $7,117.95 in liquidated damages and $4,994.14 in accrued interest to the NRIPP and Education Fund;
c. $895.00 and in liquidated damages and $338.61 in accrued interest to the Local Pension; and
d. $1,751.09 in liquidated damages and $662.49 in accrued interest to the Apprenticeship Fund.

Defendant denied any remaining liability and did not respond to the instant Motion with any additional argument or evidence.

Through the audit and other documents, and with no evidence presented to the contrary, Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund has demonstrated that they are owed $237,779.96 for delinquent contributions, $23,778.00 in liquidated damages, and $44,917.23 in accrued interest through July 31, 2021, for a total of $306,475.19. Plaintiff Trustees of National Roofing Industry Pension Plan and Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund has demonstrated that they are owed $91,451.76 in delinquent contributions, $9,145.19 in liquidated damages, and $23,119.45 in accrued interest through July 31, 2021, for a total of $123,716.40. Plaintiff Trustees of the Roofers Local No. 20 Pension Fund has demonstrated that they are owed $6,253.80 in delinquent contributions, $1,231.55 in liquidated damages, and $1,420.84 in accrued interest through July 31, 2021, for a total of $8,906.19. Plaintiff Trustees of the Roofers Local No. 20 Apprenticeship Fund has demonstrated that they are owed $12,235.22 in delinquent contributions, $2,409.46 in liquidated damages, and $2,779.81 in accrued interest through July 31, 2021, for a total of $17,424.49. Plaintiff Roofers Union Local 20 has demonstrated that they are owed $42,735.57 in unpaid dues, $8,547.11 in liquidated damages, and $8,961.68 in accrued interest through July 31, 2021, for a total of $60,244.36. Judgments in those amounts are appropriate as a matter of law. The Court will order briefing on the additional interest and attorney fees and costs.

**V.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Summary Judgment [DE 25]. The Court **DIRECTS** the Clerk of Court to:

(1) Enter judgment in favor of Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund against Defendant McDowell Roofing, L.L.C., in the sum of

9

$306,475.19.

(2) Enter judgment in favor of Plaintiffs Trustees of National Roofing Industry Pension Plan and Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund in the sum of $123,716.40.

(3) Enter judgment in favor of Plaintiff Trustees of the Roofers Local No. 20 Pension Fund in the sum of $8,906.19.

(4) Enter judgment in favor of Plaintiff Trustees of the Roofers Local No. 20 Apprenticeship Fund in the sum of $17,424.49. and

(5) Enter judgment in favor of Plaintiff Roofers Union Local 20 in the sum of $60,244.36.

The Court **ORDERS** Plaintiff to **FILE** with the Court on or before **October 1, 2021**, an affidavit with supporting documentation that sets forth the amount of attorneys' fees, costs, and expenses in addition to the requested amount of liability for unpaid contributions and liquidated damages through May 30, 2020, and accrued interest through July 31, 2021. Defendant McDowell Roofing, L.L.C., must file a response, if any, on or before **October 15, 2021**.

SO ORDERED this 3rd day of September, 2021.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record