UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, *et al.* <br> Plaintiffs, <br><br> v. <br><br> MCDOWELL ROOFING, L.L.C., <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) CAUSE NO.: 4:20-CV-15-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [DE 30], filed by Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund, Trustees of National Roofing Industry Pension Plan, Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund, Trustees of the Roofers Local No. 20 Pension Fund, Trustees of the Roofers Local No. 20 Apprenticeship Fund, and the Roofers Union Local No. 20 on September 28, 2021. No response was filed by the Defendant, and the time to do so has passed.

**I.      Procedural Background**

On March 10, 2020, Plaintiffs filed a Complaint alleging Defendant was liable for its failure to make certain required employer contributions to Plaintiffs pursuant to various Collective Bargaining Agreements to which Defendant was a party, amended on June 8, 2020, following a payroll audit, to set forth the specific amounts alleged to be due from Defendant for the period from July, 2019 to April 2020. In its Answers, Defendant admitted that it failed to make its required contributions for the months of July, 2019 and thereafter, but denied it had failed to make certain

1

other contributions.

On September 3, 2021, this Court granted summary judgment in favor of Plaintiffs and against Defendant and set a briefing schedule on fees. Defendant has not filed a response or requested an extension of the October 15, 2021 deadline.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

Defendant McDowell Roofing, L.L.C., a roofing contracting business, entered into one or more Collective Bargaining Agreements (the "CBA"). The terms of the CBA include an obligation for Defendant to make contributions to Plaintiffs based on the number of hours worked by and/or paid to Defendant's employees. The CBA also incorporated by reference, and bound Defendant to, the terms of the various Plaintiffs' Trust Agreements. Those Trust Agreements gave the Plaintiffs the authority to collect employer contributions and to formulate and enforce written collection policies. Sums not remitted by the due date are considered delinquent and subject to liquidated damages and interests. Defendant is also required to pay attorneys' fees and costs incurred in connection with the collection of delinquent contributions, dues, and other amounts owed to Plaintiffs.

The CBA, Trust Agreements, and Plaintiffs' written collection policies also provide that Defendant is subject to having payroll audits conducted as Plaintiffs deem appropriate. If the payroll audit shows that Defendant has not paid contributions or dues, Defendant is liable for the costs of the audit as well as attorneys' fees and costs incurred in connection with the amounts

owed. Defendant submitted to a payroll audit during this matter for the time period November 1, 2017, through May 31, 2020. The payroll audit reports showed that Defendant owed significant sums of money. Defendant has previously paid $3,971.25 for costs of the payroll audit.

Pursuant to the Employment Retirement Income Security Act, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans." *Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996). In a successful action to enforce Section 1145,

> the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Transp., Inc.*, 183 F.3d 623, 629 (7th Cir. 1999) ("[U]nder the statute [29 U.S.C. § 1132(g)(2)], the appropriate remedy is the delinquent contributions, interest, attorneys fees, and amount equal to the greater of interest (again) or liquidated damages.").

In this case, Defendant was bound to the CBA, and thereby to Plaintiffs' Trust Agreements

and written collection policies. The Court found Defendant was liable for unpaid delinquent contributions and interest, and ordered briefing on the additional interest and attorney fees and costs. Plaintiffs seek the sum $15,432.25 in fees and costs.

District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). "The best evidence of the market rate is the amount the attorney actually bills for similar work." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).

In total, Plaintiffs seek fees for work performed by various attorneys and paralegals whose hourly rates range from $200 to $250 per hour for attorneys, and $95 to $110 for paralegals. At their respective billing rates, this totals $13,948.50 for the hours spent on this matter since attempts to enforce Defendants' obligations began. The Court finds that those hourly rates are reasonable in this situation. The Court further finds that the work is reasonable in this situation. Plaintiffs also seek $1,000 in attorneys' fees for paralegal fees for outside counsel, who is national counsel for two of the Plaintiffs, in the sum of $1,000, representing 8 hours of work at $125 per hour. The Court finds that those fees are also reasonable. Finally, Plaintiffs seek reimbursement for costs in the sum of $478.75. The Courts finds that those costs are reasonable.

**V.     Conclusion**

For the foregoing reasons, and noting the lack of an objection by Defendant, the Court

hereby **GRANTS** Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [DE 30] and **ORDERS** Defendant McDowell Roofing, L.L.C., to reimburse Plaintiffs in the sum of $15,432.25 within a reasonable time.

SO ORDERED this 25th day of October, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record